IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT CASSIDY, | CASE NO. 3:20-cv-22 |
| Petitioner, | |
| | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION, | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| Respondent. | |
| | **REPORT & RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is the Petition of Robert Cassidy ("Cassidy" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 5), the Answer/Return of Writ (Doc. No. 8) and Cassidy's Traverse (Doc. No. 12). Cassidy is in the custody at the Lebanon Correctional Institution pursuant to journal entry of sentence in the case *State v. Cassidy*, Allen County Court of Common Pleas, Case No. CR2016-0193. For the following reasons, the undersigned recommends that the Petition be DISMISSED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The Ohio Court of Appeals for the Third Appellate District summarized the facts underlying Cassidy's conviction as follows:

> {¶ 2} This case stems from an incident that took place in Lima, Ohio on April 6, 2016. Ryan Plaugher ("Plaugher") arrived at a carry-out grocery store to purchase baby formula in accordance with an agreement reached via the social networking site Facebook. After approaching a vehicle in the store's parking lot and determining that its occupants had the items he agreed to purchase, Plaugher gave Cassidy, the vehicle's driver, $30.00. Cassidy then produced a firearm and pointed it at Plaugher. Plaugher backed away from the vehicle before Cassidy quickly fled the scene in his

1

vehicle.

*State v. Cassidy*, 2017-Ohio-8351, ¶ 2, 2017 WL 4877009 (Oh. Ct. App. Oct. 30, 2017).

## II. Procedural Background

### A. Trial Court Proceedings

On June 16, 2016, the Allen County grand jury charged Cassidy with aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1), (C) (count 1), with a firearm and a repeat violent offender (RVO) specification; and having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(2), (B) (count 2), with a firearm specification. Doc. No. 7, pp. 3-4. Cassidy, through counsel, pleaded not guilty. Doc. No. 7, p. 6.

The case proceeded to trial, and, on December 1, 2016, a jury found Cassidy guilty of aggravated robbery and having a weapon while under disability with the attendant firearm specifications. Doc. No. 7, pp. 13-18. The RVO specification was tried to the trial court, which convicted Cassidy of the specification. Doc. No. 7, pp. 19-20. The trial court sentenced Cassidy to eleven years on count one, one year on count two, two years on the RVO specification, and three years on each firearm specification, all to be served consecutively, for an aggregate prison term of 20 years. Doc. No. 7, pp. 21-26.

### B. Direct Appeal

On January 26, 2017, Cassidy, through new counsel, appealed to the Third District Court of Appeals, Allen County, Ohio, raising the following assignments of error:

> 1. The convictions are not supported by the weight of the evidence.
>     Issue Presented for Review: Whether the weight of the evidence supports the jury's verdicts.
>
> 2. The trial court erred in failing to swear in the prospective jurors prior to the court's examination of these jurors.
>     Issue Presented for Review: Whether the trial court's failure to swear in prospective jurors was structural error requiring reversal of the verdicts.
>
> 3. The defendant was denied a fair trial as a result of juror misconduct.

>Issue Presented for Review: Whether jury members sleeping during the trial is juror misconduct requiring reversal of the verdicts.

Doc. No. 7, p. 32. On October 30, 2017, the Ohio Court of Appeals affirmed the trial court's judgment. Doc. No. 7, pp. 80-92.

**C. Delayed Direct Appeal**

On February 5, 2018, Cassidy, *pro se*, filed a motion for leave to file a delayed appeal to the Ohio Supreme Court. Doc. No. 7, p. 98. He attributed the delay to insufficient funds to cover the costs of copying and mailing documents to the court. Doc. No. 7, pp. 99-102. On April 25, 2018, the Ohio Supreme Court denied Cassidy's motion for a delayed appeal and dismissed the case. Doc. No. 7, p. 121.

**D. Federal Habeas Proceedings**

On November 7, 2018, Cassidy, *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to § 2254. Doc. Nos. 1-1, 5.[1] He raised the following grounds for relief:

>**GROUND ONE:** The convictions are not supported by the weight of the evidence.
>
>>**Supporting Facts**: The conviction are [sic] not supported by the weight of the evidence I did not receive the money and no weapon was found in my possession or around me at any time at all.
>
>**GROUND TWO:**
>
>>**Supporting Facts**: The trial court erred in failing to swear in the prospective jurors prior to the courts examination of jurors.
>
>**GROUND THREE:** The defendant was denied a fair trial as a result of misconduct.
>
>>**Supporting Facts**: During deliberation jurors had to ask about testimony, facts & evidence they missed during the trial due to their snoozing off.
>
>**GROUND FOUR:** Ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel for failure to argue allied offenses for two firearm specifications.
>
>>**Supporting Facts**: The two firearm specifications occurred from the same offense at the same time. Double jeopardy violations.

---

[1] Cassidy filed his petition in the Southern District of Ohio; it was transferred to the Northern District of Ohio on January 7, 2020. Doc. No. 15.

3

Doc. No. 5, pp. 7-11. Respondent filed an Answer (Doc. No. 8) and Cassidy filed a Traverse (Doc. No. 12).

### III. Legal Standard

**A. Exhaustion and Procedural Default**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id*. (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id*.

**Exhaustion**. A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b),(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v.*

*Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g., Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

**Procedural default**. Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id*. *In Maupin v. Smith,* the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the

5

exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

**B. Merits Review**

In order to obtain habeas relief under 28 U.S.C. § 2254, a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant a writ if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, as well as legal principles and standards flowing from Supreme Court precedent. *Id*. at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court

6

precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *White v. Woodall*, 572 U.S. 415, 426 (2014) ("Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error.") (emphasis in original).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

### IV. Analysis

**A. Ground 1 is not cognizable and fails on the merits**

In Ground 1, Cassidy argues that his conviction is not supported by the weight of the evidence. Doc. No. 5, p. 7; see also Doc. No. 7, p. 34 (Cassidy's brief on appeal alleging a "manifest weight" of the evidence claim). Respondent argues that Ground 1 is not cognizable and fails on the merits. Doc. No. 8, pp. 12-14.

Federal habeas corpus relief is available only to correct federal constitutional violations, 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 US 1, 5 (2010), and a claim that a conviction is against the manifest weight of the evidence rests solely on state law. *See Ross v. Pineda*, 2011 WL 1337102, at *3 (S.D.Ohio April 11, 2011) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law," citing *State v. Thompkins*, 678 N.E.2d 541 (Ohio 1997)); *Wagner v. Bradley*, 2019 WL 3362013, at *22 (N.D. Ohio May 2, 2019), report and recommendation adopted, 2019 WL 2636269 (N.D. Ohio June 27, 2019). Thus, the undersigned finds that Ground 1 is not cognizable.

Moreover, Ground 1 fails on the merits. Cassidy alleges that "no weapon was found in my possession or around me at any time at all." Doc. No. 5, p. 7. Nevertheless, as the Ohio Court of Appeals explained, there was evidence at trial to support the jury's finding that Cassidy had a gun when he committed robbery: the testimony of the victim, who stated that Cassidy had a gun in his lap and pointed it at him; the statements made to the police by Cassidy's girlfriend, who was a passenger in the car with him and who stated that Cassidy had a gun in his lap during the robbery; and testimony of two police officers confirming what those two witnesses had told them. *Cassidy*, 2017-Ohio-8351, ¶¶11-17. That testimony is sufficient to uphold a conviction relevant to Cassidy's possession of a gun. *See Id*. at ¶ 19; *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) ("[T]his Court has long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction[,]" citing *United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966)).

In his Traverse, Cassidy argues that the gun belonged to his girlfriend's father, his girlfriend had taken it from her father's house, it was found at his girlfriend's house, and it did not have Cassidy's DNA on it. Doc. No. 12, p. 3. But who owned the gun and where it was prior to and after the incident does not disprove that Cassidy had the gun in his possession when he sat in the car during the robbery. Thus, the undersigned finds that Ground 1 also fails on the merits.

**B. Ground 2 is procedurally defaulted, not cognizable, and fails on the merits**

In Ground 2, Cassidy argues that the trial court erred when it failed to swear in prospective jurors prior to examining them. Doc. No. 5, p. 8. Respondent argues that Ground 2 is procedurally defaulted in two ways: first, because Cassidy's trial counsel failed to object and the Ohio Court of Appeals applied a procedural bar when it deemed the issue waived; second, because Cassidy did not appeal to the Ohio Supreme Court and that court denied his motion for delayed appeal. Doc. No. 8, pp. 14-18.

Cassidy procedurally defaulted Ground 2 because trial counsel failed to object and the Ohio Court of Appeals applied a procedural bar when it deemed the issue waived. The Ohio Court of Appeals explained,

> {¶ 21} In his second assignment of error, Cassidy argues that the trial court erred in failing to swear in prospective jurors prior to its examination of those jurors at the beginning of voir dire.
>
> {¶ 22} R.C. 2945.27 provides "The judge of the trial court shall examine the prospective jurors under oath or upon affirmation as to their qualifications to serve as fair and impartial jurors, but he shall permit reasonable examination of such jurors by the prosecuting attorney and by the defendant or his counsel."
>
> {¶ 23} "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Zehner*, 3d Dist. Crawford No. 3–02–30, 2003–Ohio–936, ¶ 22, citing *State v. Childs*, 14 Ohio St.2d 56, 61 (1968), citing *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus. Where a defendant had an opportunity to bring any failure to properly swear in jurors to the trial court's attention but did not do so, he cannot later object to the irregularity and seek reversal absent a showing of prejudice. *State v. Vanblarcome*, 10th Dist. Franklin No. 02AP–417, 2003–Ohio–579, ¶ 21–22. No prejudice results from the failure to comply with R.C. 2945.27 where it does not appear that any juror gave a false answer during voir dire examination. *Glaros* at paragraph three of the syllabus.
>
> {¶ 24} In the present case, Cassidy did not call the trial court's failure to comply with R.C. 2945.27 to the trial court's attention. *Vanblarcome* at ¶ 21–22 (concluding that a defendant may not claim error as to the administration of an oath or affirmation absent a clear showing of prejudice on appeal if he did not object to the error at trial). Cassidy does not argue that he was prejudiced because of the trial court's non-compliance with the statute. Indeed, Cassidy could not claim that he was prejudiced by the trial court's mistake because it was not shown that any juror

gave a false answer during voir dire examination. *Glaros* at paragraph three of the syllabus (concluding that there is no prejudice resulting from the failure to swear in potential jurors where it does not appear any juror gave a false answer during voir dire examination). Further, the attorney for each party had the opportunity to question the prospective jurors after they were sworn by the trial court. We therefore conclude that Cassidy has waived this issue on appeal. *Vanblarcome* at ¶ 21–22; *Glaros* at paragraph three of the syllabus.

{¶ 25} For the foregoing reasons, Cassidy's second assignment of error is overruled.

*Cassidy*, 2017-Ohio-8351, ¶¶ 21-25.

It is a well-established and regular practice in Ohio for appellate courts to deem a claim of error not objected to at trial as "waived." *See id*.; *see also Taqwiim v. Johnson*, 229 F.3d 1154 (6th Cir. Aug. 22, 2000), 2000 WL 1234322, at *3 (the state law ground relied upon by the Ohio Court of Appeals was an adequate basis for that court's decision; "At the time of Taqwiim's conviction in 1994, it was a well-established and regularly followed practice in Ohio for appellate courts to deem as 'waived' or procedurally defaulted any claims of error not specifically objected to at trial."). Thus, the undersigned finds that the Ohio Court of Appeals, the last (and only) court to provide a reasoned decision, applied an adequate and independent state ground to Cassidy's claim, and it is procedurally defaulted. *Id*.

Cassidy does not allege cause or prejudice to excuse his procedural default. He has not shown that he suffered a fundamental miscarriage of justice, *i.e.*, that his is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). A claim of actual innocence "requires the petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Cassidy has not presented such evidence.

In his Traverse, Cassidy attempts to expand Ground 2 by alleging that the jury was not made of his peers and that the prosecution failed to "address the lesser charge or offence that was of juror option." Doc. No. 12, p. 4. Because Cassidy did not present those arguments in his Petition, the Court is not

10

required to address them. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (an argument first presented in the petitioner's traverse was not properly before the district court and the district court did not err in declining to address it). Moreover, Cassidy procedurally defaulted any such claims because they are based on the trial court record, should have been raised on direct appeal, and Ohio law no longer allows him to raise them. *Williams*, 460 F.3d at 799, 806.

Finally, Cassidy argued to the Ohio Court of Appeals that the trial court's failure to swear in the prospective jurors was a violation of Ohio Revised Code 2945.27. Doc. No. 7, pp. 36-37; *Cassidy*, 2017-Ohio-8351, ¶¶21-22. Thus, Ground 2 challenges a violation of state law and it is not cognizable. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, Cassidy has not shown that the federal Constitution is violated when the trial court fails to swear prospective jurors prior to voir dire. *See, e.g., Robertson v. McKee*, 2012 WL 263099, at *4 (E.D. Mich. Jan. 30, 2012) ("Petitioner has failed to show that the federal Constitution is violated where the trial court fails to swear a prospective jury pool prior to voir dire."); *Hunter v. Lesatz*, 2020 WL 2085076, at *5 (E.D. Mich. Apr. 30, 2020) (same). Thus, his claim fails on the merits.

In sum, the undersigned finds that Ground 2 is procedurally defaulted, not cognizable, and fails on the merits.

**C. Ground 3 is procedurally defaulted**

In Ground 3, Cassidy argues that he was denied a fair trial because, during deliberation, the jurors had to ask about testimony, facts and evidence that they missed during trial because they were "snoozing off." Doc. No. 5, p. 10. Respondent argues that Ground 3 is procedurally defaulted for the same reasons as Ground 2: Cassidy's trial counsel failed to object and the Ohio Court of Appeals applied a procedural bar when it deemed the issue waived, and Cassidy did not appeal to the Ohio Supreme Court and that court denied his motion for delayed appeal. Doc. No. 8, pp. 14-18. In his Traverse, Cassidy asserts that

11

the jury showed a "lack of interest" in his case. Doc. No. 12, p. 5.

Cassidy procedurally defaulted Ground 3 because trial counsel failed to object and the Ohio Court of Appeals applied a procedural bar when it deemed the issue waived and applied plain error review. The Ohio Court of Appeals explained,

> {¶ 26} In his third assignment of error, Cassidy claims that he was denied a fair trial as a result of juror misconduct. Specifically, Cassidy argues that he was denied a fair trial because a juror allegedly slept through a portion of the proceedings.
>
> {¶ 27} It is well-settled that the trial court is in the best position to discern the nature of alleged juror misconduct and to fashion the proper remedy for any demonstrated misconduct. *State v. McKnight*, 107 Ohio St.3d 101, 2005–Ohio–6046, ¶ 184. Further, the trial court has "'considerable discretion in deciding how to handle a sleeping juror.'" *Id*., quoting *State v. Sanders*, 92 Ohio St.3d 245, 253 (2001). We will not disturb a trial court's handling of a sleeping juror absent an abuse of that discretion. *See State v. Suarez*, 11th Dist. Geauga No. 2013–G–3167, 2014–Ohio–1350, ¶ 31. Where a defendant requests no remedy at trial and expresses no dissatisfaction with the trial court's handling of an allegedly sleeping juror, such issues are waived on appeal absent plain error. *McKnight* at ¶ 185, citing *State v. Childs*, 14 Ohio St.2d 56 (1968). No plain error occurs when whether a juror was, in fact, sleeping is entirely speculative. *Id*. at ¶ 186.
>
> {¶ 28} App.R. 12(A)(2) provides that we may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 16(A)(7) provides that an appellant must include in his brief an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).
>
> {¶ 29} In the present case, Cassidy's brief asserts that the allegedly sleeping juror slept "during the direct and cross [examination] of the State's first witness or during the direct examination of the State's second witness." (Appellant's Brief at 7). Cassidy further argues that such misconduct is "especially concerning" if it occurred during Plaugher's direct testimony because Plaugher provided "the sole eyewitness testimony about the presence of a firearm." (*Id*.). Cassidy invites this court to speculate that alleged juror misconduct rendered a juror unable to perceive large or critical portions of witness testimony. However, he cites nothing in the record indicating that such is the case. The only reference in the record to a sleeping juror is the trial court's statement that it received a report that "there may be some snoozing off." (Nov. 28, 2016 Tr. at 301). Cassidy cites nothing in the record establishing that any sleeping by a juror, if it occurred at all, rendered the juror unable to perceive large or critical pieces of trial testimony. Based on this, we could choose to ignore this assignment of error. App.R. 12(A)(2). Nevertheless, we choose to address Cassidy's third assignment of error. Neither Cassidy nor his trial counsel expressed any dissatisfaction with the manner in which the trial court dealt with the allegedly sleeping juror. Thus Cassidy has

waived this issue on appeal absent plain error. *McKnight* at ¶ 185. No plain error occurred in this case because the record reveals only vague allegations of sleeping, and Cassidy has provided no evidence that a juror was, in fact, sleeping. *Id*. at ¶ 186. We therefore conclude that Cassidy has waived this issue on appeal. *Id*. at 185–186.

{¶ 30} For the reasons explained above, Cassidy's third assignment of error is overruled. *Cassidy*, 2017-Ohio-8351, ¶¶ 26-30.

It is well settled that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review and the state appellate court's review for plain error enforces that procedural default. *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003) (citing *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001)). As above, Cassidy has not shown cause or prejudice to excuse the procedural bar, nor has he shown actual innocence. Accordingly, the undersigned finds that Ground 3 is procedurally defaulted.[2]

**D. Ground 4 is procedurally defaulted**

In Ground 4, Cassidy argues that appellate counsel was ineffective for failing to raise, on direct appeal, an ineffective assistance of trial counsel claim for not arguing that the two firearm specifications were allied offences. Doc. No. 5, p. 11. Respondent submits that Ground 4 is procedurally defaulted and fails on the merits. Doc. No. 8, pp. 18-20.

The undersigned finds that Ground 4 is procedurally defaulted because Cassidy did not present it to the state courts. In Ohio, an ineffective assistance of appellate counsel claim may be raised in an application for reopening under Ohio R. App. P. 26(B) with the Ohio Court of Appeals or presented to the Ohio Supreme Court on direct appeal. *See State v. Murnahan*, 584 N.E.2d 1204, 1208-1209 (Ohio 1992). Cassidy did not file a Rule 26(B) application and the time to do so has passed. See Ohio App. R. 26(B)(1) (an application for reopening must be filed within 90 days from the appellate court's

---

[2] The undersigned notes that Cassidy's claim that the jurors lacked interest and were more concerned with watching the clock (Doc. No. 12, p. 5) is belied by the record, which shows that the jury deliberated until almost 8:30 pm the first day and returned to deliberate a few hours more the next day before announcing their verdict. Doc. No. 7-3, pp. 138-141.

journalizing the judgment unless the application shows good cause). He has not alleged good cause for failing to file a timely application or to seek leave to file a late one. He did not file a direct appeal to the Ohio Supreme Court, and his motion for leave to file a delayed appeal was denied. Thus, he procedurally defaulted Ground 4.

For cause to excuse his procedural default, Cassidy alleges that the prison failed to "timely mail out going legal mail" to the Ohio Supreme Court. Doc. No. 5, pp. 7, 11. Even if that could constitute cause to excuse his procedural default, he does not show prejudice. The record shows that trial counsel did argue that Cassidy's firearm specifications should merge for sentencing purposes. Doc. No. 7-4, pp. 61-69, 72. Thus, Cassidy does not show an error that "worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002). And, as stated above, Cassidy does not allege actual innocence. Thus, the undersigned finds that Ground 4 is procedurally defaulted.

## V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.


Date: April 22, 2022                    *s/ Jonathan Greenberg*
                                         Jonathan D. Greenberg
                                         United States Magistrate Judge


### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.** ***See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).**