# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT CASSIDY,** | ) | **CASE NO.    3:20-CV-22** |
| | ) | |
| Petitioner, | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| vs. | ) | |
| | ) | |
| **THOMAS SCHWEITZER, WARDEN,** | ) | **OPINION AND ORDER** |
| **LEBANON CORRECTIONAL** | ) | |
| **INSTITUTION** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

On April 22, 2022, the assigned magistrate judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by pro se Petitioner Robert Cassidy. Doc. 19. On June 10, 2022, Petitioner filed his objection to the magistrate judge's R&R. Doc. 20.

For the reasons that follow, the Court adopts the R&R and the Petition is **DISMISSED**.

## STANDARD OF REVIEW

### A. 28 U.S.C. § 636(b)(1)(C)

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See also *Powell v. United States,* 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the

district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. AEDPA

In the habeas context the Court reviews de novo any proper objection, albeit under the deferential standard of the Antiterrorism and Death Penalty Act of 1996 ("AEDPA.") Under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

> Under the first prong,
>
> [A] decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." . . . [A]n "unreasonable application" occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." A federal habeas court may not find a

state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."

*Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000) (citations omitted) (quoting *Williams v. Taylor,* 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)).

Under the second prong, federal courts must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan,* 550 U.S. 465, 473-74, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)).

Under AEDPA's deferential habeas review standard, the question before the Court on de novo review "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro*, 550 U.S. at 473 (citing *Williams*, 529 U.S. at 410). In order to obtain habeas corpus relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter,* 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

This standard is difficult to meet "because it was meant to be." *Id*. "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring)).

## ANALYSIS

The R&R sets forth in detail the procedural history of the case, including Petitioner's jury trial in state court, which resulted in his conviction for Aggravated Robbery and Having a Weapon While Under Disability with a repeat violent offender and attendant firearm

specifications. The trial court sentenced Cassidy to eleven years on Count one, one year on Count two, two years on a repeat violent offender specification, and three years on each firearm specification, all to be served consecutively, for an aggregate sentence of 20 years in prison.

Petitioner does not object to the magistrate judge's recitation of the procedural history, and the Court accepts the magistrate judge's summary, as if rewritten here. Doc. 19 at 2-3.

Petitioner filed his habeas petition asserting four grounds for relief relating to his conviction and trial:

> **GROUND ONE:** The convictions are not supported by the weight of the evidence.
>
> **Supporting Facts:** The conviction are [sic] not supported by the weight of the evidence I did not receive the money and no weapon was found in my possession or around me at any time at all.
>
> **GROUND TWO:**
>
> **Supporting Facts:** The trial court erred in failing to swear in the prospective jurors prior to the court's examination of jurors.
>
> **GROUND THREE:** The defendant was denied a fair trial as a result of misconduct.
>
> **Supporting Facts:** During deliberation jurors had to ask about testimony, facts & evidence they missed during the trial due to their snoozing off.
>
> **GROUND FOUR:** Ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel for failure to argue allied offenses for two firearm specifications.
>
> **Supporting Facts:** The two firearm specifications occurred from the same offense at the same time. Double jeopardy violations.

After a thorough analysis, the magistrate judge recommended the Petition be dismissed in its entirety because Grounds for Relief One and Two are not cognizable and fail on their merits and Grounds for Relief Two, Three and Four are procedurally defaulted. See Doc. 19 at 7-14.

The magistrate judge found that Petitioner's Ground One was not cognizable because a claim that a conviction is against the manifest weight of evidence rests solely on state law. See

Doc. 19 at 8.  The magistrate judge further found Ground One failed on the merits because the testimony elicited at trial was sufficient to uphold a conviction for possession of a firearm, despite Petitioner's claim that no weapon was found in his possession or at any time at all.  *Id.*  Petitioner does not take specific issue with either of those findings, but merely states that he disagrees with the magistrate's conclusion and reasserts his statement that his conviction is not supported by the weight of the evidence.  Doc. 20 at 1.

The magistrate judge found that Petitioner's Ground Two was not cognizable because his challenge to the failure to swear in prospective jurors was based on state law, procedurally defaulted and failed on its merits.  See Doc. 19 at 9-11.  The magistrate judge further explained that the Ohio Court of Appeals, the last (and only) court to provide a reasoned consideration of his claim, found that errors not objected to at trial are waived.  *Id.* at 10.  Petitioner did not appeal the Ohio Court of Appeals decision to the Ohio Supreme Court and his motion for delayed appeal was denied.  Petitioner objected, arguing that he "file[d] that his counsel was ineffective and he should have sworn in prospective jurors" and he "is not responsible for what cases the Ohio Supreme Court decisions as to what cases it [sic] will decide to review."  Doc. 20 at 2.

The magistrate judge found that Petitioner's Ground Three was procedurally defaulted for his failure to object at trial that jurors were "snoozing off".  Doc. 19 at 11-13.  The magistrate judge found Ohio's contemporaneous objection rule constitutes an adequate and independent state ground which bars federal habeas review.  *Id.* at 13.  He also found that Petitioner had not shown the necessary cause or prejudice to excuse the procedural bar, nor actual innocence, to avoid application of the bar.  Petitioner objects that he did bring the sleeping juror to the trial court's attention.  Doc. 20 at 2.

The magistrate judge found that Petitioner's Ground Four for failing to argue allied offenses for the two firearm specifications was procedurally defaulted because he did not raise the argument that his appellate counsel was ineffective under an application to reopen his appeal under Ohio R. App. P. 26(B) or on direct appeal to the Ohio Supreme Court as required. Doc. 20 at 13-14. Petitioner objects on the basis that he "submitted this claim to the courts on re-opening and the court declined to review that case." Doc. 20 at 2.

None of Petitioner's objections identify specific findings or arguments of the R&R that he takes issue with and all of his rebuttals simply restate his position or declare the magistrate was wrong without detailed refutation. An objection that does nothing more than disagree with the R&R or summarize petitioner's prior arguments is not an objection within the meaning of the statute that is entitled to de novo review. *Aldrich*, 327 F. Supp. 2d at 747; see also *Heckathorn v. Baldauf,* No. 4:20-cv-2820, 2022 U.S. Dist. LEXIS 10028, 2022 WL 171540, at *9 (N.D. Ohio Jan. 19, 2022) ("Petitioner clearly disagrees with the R&R's conclusions and recommendations, but does not point out any specific error therein, instead just reargues the merits of the cited Grounds. . . . This is insufficient to trigger de novo review.") (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)); *Andres v. Comm'r of Soc. Sec.,* 733 F. App'x 241, 244 (6th Cir. 2018) ("Because Andres failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal.").

General objections such as those advanced by Petitioner are not proper objections entitled to de novo review. Therefore, the Court need only review the R&R for clear error. *Travis v. Smith,* No. 1:09-cv-2187, 2011 U.S. Dist. LEXIS 40727, at *1 (N.D. Ohio Apr. 14, 2011) (citation omitted); see also *Kirkland v. Comm'r of Soc. Sec.,* No. 5:20-cv-2480, 2022 U.S. Dist. LEXIS 39101, at *5 (N.D. Ohio Mar. 4, 2022) ("A 'general objection is treated as no objection at

all and results in only clear error review' of the Report and Recommendation.") (quoting *Allgood v. Shoop,* No. 1:19-cv-02808, 2021 U.S. Dist. LEXIS 98361, at *1 (N.D. Ohio May 25, 2021) (citing *Travis*, 2011 U.S. Dist. LEXIS 40727, at *1)); *Day v. Onstar, LLC,* No. 2:19-cv-10922, 2019 U.S. Dist. LEXIS 123136, at *1 (E.D. Mich. July 24, 2019) (frivolous, conclusive, or general objections to a report and recommendation are reviewed for clear error) (citations omitted).

The Court has reviewed the detailed, thorough R&R, which analyzed Petitioner's four grounds for relief with respect to procedural default, cognizability and the merits. Because Petitioner has not asserted specific objections to the well-reasoned recommendations of the magistrate judge, the Court reviews the R&R for clear error and finds none.

## CONCLUSION

To the extent that Petitioner did not object to the magistrate judge's report and recommendation, Petitioner waived his right to a de novo review. With respect to the objections asserted by Petitioner, the Court concludes that Petitioner's objections were not of the type that are entitled to de novo review. The Court has reviewed the R&R for clear error and found none. Petitioner's objections are overruled and the Court accepts and adopts the R&R.

Accordingly, the Petition is denied and dismissed. The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

    /s Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: December 16, 2022**